DECEMBER, 1822.

John Click, jr.
and Luther
Morgan
v.
John Click.

</div>

Let the judgment be affirmed.

---

Luther Morgan *against* David Scott and John Click.      *December*, 1822.

*LUTHER MORGAN* filed his bill in Chancery in the Circuit Court of *Tuskaloosa* County, against *David Scott* and *John Click*, defendants, stating that in 1816 he and *Samuel Smith* (since deceased) established *Click* in mercantile business, to be conducted by him at *Tuskaloosa* under the firm of *John Click* and Co. ; that by the articles of copartnership (which were referred to as an exhibit) *Morgan* was to furnish the goods, *Click* was not to purchase any, contract any debts on the credit of the firm, or give any note, bill, &c., on the firm. That *Click* gave a note *under seal*, in the name of *John Click* and Co., for $318 81¾, payable to *Scott*, dated 8th *May*, 1819, the consideration for which is unknown to complainant, and he knew not of its existence until after judgment thereon had been rendered against *John Click* and Co. That it appears that on the 10th of *March* 1820, a capias issued in an action on this note, against *Click* and complainant, and at *October* term 1820, judgment was entered against *Click* and complainant, no defence being made. That no process was served on complainant; if there had been, he would have made a defence which he believes would have been available ; that the note was not his deed ; that he never directly or indirectly gave any authority to *Click* to execute the note ; that he has never received any benefit whatever from the transaction between *Click* and *Scott ;* believes that the note was fraudulently given, and had no notice whatever of the action until after judgment. That *Click* has fraudulently given other notes in the name of the firm, for which the firm received no consideration ; and complainant believes that this note was obtained by a fraudulent combination between *Click* and the plaintiff at Law. Complainant is prepared to prove that *Scott* offered to give cre-

<div align="right">

1. M. and C. being partners, C. fraudulently gives a Note under seal in name of the firm to S. on which judgment at Law is recovered vs. M. and C., process not being served on, or any notice given to M. he shall be relieved in equity.
2. A cause may be finally heard on demurrer, &c. of one defendant, though the other has not appeared, if sufficient matter be disclosed to enable the Court to determine on the rights of all the parties.

</div>

11

Luther Morgan
v.
David Scott and
John Click.

dits on the execution, which *Click* failed to have entered. The bill prays for an Injunction, and for general relief.

An Injunction was awarded on the 3d of *May*, 1822. *Scott* demurred to the bill. At *September* term, 1822, (*Click* not having appeared) the Circuit Court sustained the demurrer and dismissed the bill. *Morgan* sued out a writ of Error, and assigned as Errors,

1. That the demurrer was sustained.

2. The bill was dismissed at complainant's costs, when defendant *Click* had not appeared.

Judge *Crenshaw* delivered the opinion of the Court.

It appears from the bill, that *Click* and *Morgan* were co-partners in trade ; *Click*, without the consent or knowledge of *Morgan*, and contrary to the articles of copartnership, fraudulently executed an instrument of writing under seal, in the name of the firm, for the payment of a sum of money to *Scott*, on what consideration complainant knows not. *Click*, with a view of charging *Morgan* with this debt, permitted *Scott* to obtain a judgment at law. *Morgan*, in fact, had no notice of the proceedings or opportunity to defend until after the judgment had been obtained. That *Click* most fraudulently and iniquitously combined with *Scott* to charge *Morgan*, and prevented *Scott* from entering certain credits on the execution. Though not expressly charged, it is strongly intimated, that *Scott* was in combination with *Click* through the whole transaction, and that *Click* is insolvent. *Scott* demurred to the bill, and the Circuit Court sustained the demurrer, dissolved the Injunction, and dismissed the bill with costs.

It is a well settled principle that one partner cannot charge the firm by his writing under seal, unless he is authorised to do so by the articles of copartnership, or by the express consent of his copartners. But equity cannot relieve against a judgment at law on such instrument, against the firm, if obtained without surprise, fraud, or connivance ; because the copartners, who had not consented to the instrument, might have made full and effectual defence at law. But against an improper judgment surreptitiously or collusively obtained, it is the peculiar province of a Court of Equity to afford relief ; for without the aid of equity the complainant would be remediless, having had no opportunity to defend at law. The demurrer admits the truth of all the charges and allegations in the Bill ; therefore I cannot hesitate in concluding that this instrument of writing was intended as a fraud on the complainant, and that the judgment was obtained without his having any knowledge of the pen-

dency of the suit, or any opportunity of making a defence. The complainant had also the right to apply to a Court of Equity for a discovery of the amount of the credits which ought to have been entered on the execution, and to compel the plaintiff at law to enter satisfaction *pro tanto*. The demurrer, therefore, ought not to have been sustained.

As to the second assignment—I conceive that it was at the option of the complainant to bring the cause to a final hearing, on the coming in of the plea or answer of one defendant, provided that sufficient matter was disclosed or submitted to enable the Chancellor to determine on the rights of all parties concerned, otherwise the plea should stand until the the coming in of the answers of the others.

The decree of the Circuit Court must be reversed, and the cause be remanded for further proceedings. In this opinion the Court are unanimous.

*M'Clury* and *H. G. Perry*, for plaintiff.

*Owen*. for defendants in Error.